JS-6

## UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

### CIVIL MINUTES - GENERAL

| Case No. | **CV 12-2174 RGK (RZx)** | Date | July 3, 2012 |
|---|---|---|---|
| Title | *ISAAC v. GEO MIJILEM & CO. INC., et al.* | | |

| Present: The Honorable | R. GARY KLAUSNER, U.S. DISTRICT JUDGE | | |
|---|---|---|---|
| Sharon L. Williams | Not Reported | N/A |
| Deputy Clerk | Court Reporter / Recorder | Tape No. |

| Attorneys Present for Plaintiffs: | Attorneys Present for Defendants: |
|---|---|
| Not Present | Not Present |

**Proceedings:**   (IN CHAMBERS) ORDER REMANDING CIVIL ACTION TO SUPERIOR COURT

On March 14, 2012, Defendant ConocoPhillips ("COP") removed this action from the Los Angeles County Superior Court to this Court on the basis of diversity jurisdiction under the Class Action Fairness Act ("CAFA"), 28 U.S.C. § 1332(d).

Removal jurisdiction is governed by statute. *See* 28 U.S.C. §§ 1441, *et seq*. The Ninth Circuit has held unequivocally that the removal statute is construed strictly against removal. *Ethridge v. Harbor House Rest.*, 861 F.2d 1389, 1393 (9th Cir. 1988). The strong presumption against removal jurisdiction means that "the defendant always has the burden of establishing that removal is proper." *Gaus v. Miles, Inc.*, 980 F.2d 564, 566 (9th Cir. 1992) (*citing Nishimoto v. Federman-Bachrach & Assocs.*, 903 F.2d 709, 712 n.3 (9th Cir. 1990)); *see also In re Ford Motor Co./Citibank (South Dakota), N.A.*, 264 F.3d 952, 957 (9th Cir. 2001) ("The party asserting federal jurisdiction bears the burden of proving the case is properly in federal court.").

CAFA authorizes the removal of class action lawsuits from state to federal court where the amount in controversy exceeds $5 million, exclusive of interests and costs. 28 U.S.C. § 1332(d). Plaintiff's Complaint does not specify an exact amount of damages sought. In such cases, the party seeking removal bears the burden of showing, by a preponderance of the evidence, that the amount in controversy exceeds the statutory amount. *Guglielmino v. McKee Foods Corp.*, 506 F.3d 696, 699 (9th Cir. 2007).

The Court finds that COP has not made this showing. COP submits a declaration from a company official that total revenue from the gift cards in controversy exceeds $5 million. (Decl. of James A. Macari, ¶ 3.) However, the fact that revenue from the cards exceeds $5 million does not demonstrate that the amount in controversy in this case is also $5 million.

     Restitution is the only remedy available to Plaintiff under California's Unfair Competition Law, Cal. Bus. & Prof. Code § 17200 *et seq*. *See Korea Supply Co. v. Lockheed Martin Corp.*, 29 Cal. 4th 1134, 1144-45 (2003). The same is true of the False Advertising Law, Cal. Bus. & Prof. Code § 17500 *et seq*. *See In re Vioxx Cases,* 180 Cal.App.4th 116, 131 (2009). Thus, the proper determination of the amount in controversy for these claims is not total revenue, and the amount provided in the Macari Declaration is not relevant to establishing the amount in controversy. Plaintiff can seek both damages and restitution under the Consumer Legal Remedies Act ("CLRA"), Cal. Civ. Code § 1770 *et seq*. *See Broughton v. Cigna Healthplans of Cal.*, 21 Cal. 4th 1066, 1077 (1999). However, COP has made no showing as to damages or restitution under that claim. Therefore, COP has not met its burden of showing by a preponderance of the evidence that the amount in controversy is over $5 million.

     For the foregoing reasons, the above-entitled case is ordered **REMANDED** to the Superior Court for all further proceedings for lack of subject matter jurisdiction.

     **IT IS SO ORDERED.**

|  | : |
|---|---|
| Initials of Preparer | slw |